Christopher WYCHE, Individually, on Behalf of All Others Similarly Situated, Plaintiff-Appellant,

v.

ADVANCED DRAINAGE SYSTEMS, INC., Joseph A. Chlapaty, Mark B. Sturgeon, Defendants-Appellees.

No. 17-743-cv

United States Court of Appeals, Second Circuit.

October 13, 2017

FOR APPELLANT: JACOB A. GOLDBERG, The Rosen Law Firm P.A., Jenkintown, PA.

FOR APPELLEES: JOSEPH C. WEINSTEIN (Victor Genecin, Sean L. McGrane, on the brief), Squire Patton Boggs (US) LLP, New York, NY, and Cleveland, OH, for Advanced Drainage Systems, Inc., Robert A. Scher, Bryan B. House, Foley & Lardner LLP, New York, NY, and Milwaukee, WI, for Joseph A. Chlapaty., Peter J. Pizzi, Walsh Pizzi O'Reilly Falanga LLP, New York, NY, Roger P. Sugarman, Kegler Brown Hill + Ritter, Columbus, OH, for Mark B. Sturgeon.

PRESENT: RAYMOND J. LOHIER, JR., CHRISTOPHER F. DRONEY, Circuit Judges, JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Christopher Wyche appeals from a judgment of the District Court (Failla, J.) dismissing his claims against Advanced Drainage Systems, Inc. ("ADS") and two of its employees, Joseph A. Chlapaty and Mark B. Sturgeon (collectively, "Defendants"), for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

■ With respect to Wyche's claims under Section 10(b) and Rule 10b-5, the only

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New    York, sitting by designation.

question we are asked to consider is whether Wyche has adequately alleged that Defendants acted with scienter. Wyche's securities fraud claims are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b), which "require[ ] plaintiffs to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, i.e., the defendant's intention to deceive, manipulate, or defraud," Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 313, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (quotation marks omitted); see ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 198 (2d Cir. 2009).

Wyche first alleges that Defendants had a motive to engage in fraudulent accounting practices because ADS would have breached financial covenants with its lenders had it complied with Generally Accepted Accounting Principles ("GAAP"). Assuming without deciding that the motivation to comply with debt covenants is sufficient to support an allegation of scienter, we agree with the District Court that Wyche's complaint does not plead facts to support this allegation with adequate particularity—for example, facts indicating that default was imminent or inevitable.

The District Court also correctly rejected Wyche's second argument, that the individual defendants were motivated to inflate stock prices for bonuses tied to ADS's preliminary financial performance. Bonus compensation is not the type of "concrete and personal" benefit upon which a finding of motive to commit securities fraud can be based. Kalnit v. Eichler, 264 F.3d 131, 139 (2d Cir. 2001). That Chlapaty and Sturgeon allegedly returned their bonuses does not persuade us otherwise.

Wyche also claims that motive can be inferred from Sturgeon's sale of shares between May 18 and May 26, 2015. While motive may be "sufficiently pleaded where [a] plaintiff alleged that defendants misrepresented corporate performance to inflate stock prices while they sold their own shares," id., the defendant's stock sales must be "unusual" to support such an allegation, Acito v. IMCERA Grp., Inc., 47 F.3d 47, 54 (2d Cir. 1995). The District Court correctly concluded that Sturgeon's sales were not unusual because, as alleged, the percentage of shares sold was small, the timing was not suspicious, and no other insiders were alleged to have sold stock.

■ In the absence of a showing of motive, "it is still possible to plead scienter by identifying circumstances" indicative of "conscious misbehavior" or recklessness on the part of the defendant, "though the strength of the circumstantial allegations must be correspondingly greater." Kalnit, 264 F.3d at 142 (quotation marks omitted); see In re Carter-Wallace, Inc. Sec. Litig., 220 F.3d 36, 39–40 (2d Cir. 2000). We agree with the District Court that Wyche's allegations of conscious misbehavior or recklessness were insufficient to support an inference of scienter that is "at least as compelling as any opposing inference one could draw from the facts alleged." Tellabs, 551 U.S. at 324, 127 S.Ct. 2499. First, the complaint did not allege that any former employee communicated any relevant accounting concerns to an individual defendant, or that an individual defendant requested that any of the former employees engage in fraudulent conduct on ADS's behalf. Second, the alleged GAAP violations, which govern the calculation of inventory costs and the classification of

474

equipment and transportation leases as either "operating" or "capital" leases, do not suggest the requisite "fraudulent intent." Novak v. Kasaks, 216 F.3d 300, 309 (2d Cir. 2000) (quotation marks omitted).[2]

Substantially for the reasons provided by the District Court, we agree that the allegations in the complaint were insufficient to impute ADS's corporate scienter. "When the defendant is a corporate entity, ... the pleaded facts must create a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter." Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190, 195 (2d Cir. 2008).

Finally, Wyche's derivative claim under Section 20(a) fails because he has not stated a primary violation under Section 10(b) and Rule 10b-5. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007).

We have considered Wyche's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

---

**2.** For the first time on appeal, Wyche argues that an investigation conducted by Deloitte uncovered well-founded evidence of fraud, and that this creates a compelling inference of scienter. Wyche has forfeited this argument because he did not raise it in the District Court. Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006).